1

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **DANA BAILEY,** § | |
| § | |
| **Plaintiff,** § | |
| § | Case No.: 4:20-cv-00059 |
| v. § | |
| § | |
| **KS MANAGEMENT SERVICES, LLC,** § | **TRIAL BY JURY DEMANDED** |
| individually and d/b/a Kelsey Seybold Clinic, § | |
| § | |
| **Defendant.** § | |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Dana Bailey, (hereinafter "Plaintiff"), complains of KS Management Services, LLC individually and d/b/a Kelsey Seybold, (hereinafter "KSM" or "Defendant") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of age and retaliation under the Age Discrimination in Employment Act ("ADEA").

---

[1] For the Court's information, Plaintiff's counsel who prepared this document, Edwin Villa, is visually impaired, and uses assistive technology when drafting documents. In particular, counsel relies on screen reader technology, which reads aloud as the document is being typed. As a result, certain typos and formatting issues are difficult to recognize. Therefore, please forgive any such issues in this document.

**1**

3. This action seeks compensatory and liquidated damages, plus lost wages (past, present, and future), injunctive relief, attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4. Plaintiff, Dana Bailey, is a resident of Houston, Texas.

5. Defendant, KS Management Services, LLC, d/b/a as Kelsey Seybold Clinic, is a limited liability company authorized to do business in the state of Texas and process may be served by mail or in person to its registered agent, Tony Linn, located at 2727 West Holcomb Blvd., 4th Floor, Houston, Texas 77025.

## VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas—Houston Division in that Defendant's Houston office in which Plaintiff worked is located in this district and division. Therefore, Defendant can be said to reside/or do business in this district and division as required under 28 U.S.C. § 1391.

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under the ADEA.

8. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

9. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission

("EEOC") and received a right-to-sue letter from said agency to pursue her claims on October 14, 2019.

10. Plaintiff filed a Charge of Discrimination against Defendantswith the EEOC on or about September 13, 2018.

11. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling her to file suit on her claims of discrimination based on age and retaliation, which was received on about October 14, 2019.

12. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

13. At the time of Plaintiff's termination, Plaintiff was 54 years old.

14. Plaintiff began working for Defendant on March 24, 2014 as a registered nurse at Defendant's Houston location located at 2727 West Holcomb Blvd. Houston, Texas 77025.

15. Plaintiff demonstrated sustained performance excellence while employed by Defendant and was qualified for her position.

16. In September of 2016, Plaintiff was promoted to the position of Nurse Coordinator.

17. After receiving this promotion in September of 2016, Plaintiff began to be discriminated against based on Plaintiff's age by Nurse Manager, James Johnson, and Plaintiff's Supervisor, Tara Baron. This age discrimination continued throughout Plaintiff's time as Nurse Coordinator, after Plaintiff subsequently step down as Nurse Coordinator due to the age discrimination and retaliation Plaintiff was forced to endure, and until Plaintiff was eventually wrongfully terminated in March of 2019.

18. Throughout this period of Plaintiff's employment spanning from September of 2016 until Plaintiff's wrongfull termination in March of 2019, Plaintiff made numerous complaints to Mr. Johnson, Ms. Baron, and Defendant's HR department regarding the discrimination Plaintiff suffered.

19. However, nothing was ever done regarding Plaintiff's complaints. \

20. Instead, Plaintiff was retaliated against by Mr. Johnson and Ms. Baron because of the complaints Plaintiff made against Mr Johnson's and Ms. Baron's discrimination of Plaintif.

21. The age discrimination Plaintiff endured came in many forms. For example, when Plaintiff held the position of Nurse Coordinator, Plaintiff was held responsible for numerous tasks and additional job duties that no other Nurse Coordinator, before or after Plaintiff's time in this position, was forced to do.

22. Specifically, Plaintiff was told by Mr. Johnson and Ms. Baron that PLAINTIFF had to see numerous patients, at a much higher rate than was required for any other Nurse Coordinator, while still satisfying Plaintiff's normal job responsibilities.

23. Furthermore, PLAINTIFF was told that PLAINTIFF had to conduct weekly meetings with Plaintiff's Nurse staff and do a detailed write up of these meetings, citing specific employer policy, and then turn these write ups in to Mr. Johnson.

24. Plaintiff was given all these unnecesssary responsibilities in order to overwhelm Plaintiff and to negatively effect Plaintiff's performance as Nurse Coordinator because Mr. Johnson wanted to replace Plaintiff with the much younger Tamara Balou.

25. Another incident of retaliation and discrimination occurred in March of 2018 where Plaintiff was written up for allegedly sleeping on the job during a shift in January of 2018. However, this incident was completely fabricated because the incident that write up

referenced, was in reality a situation where PLAINTIFF was merely bowing Plaintiff's head in prayer, not sleeping.

26. In yet another example of discrimination and retaliation, Plaintiff was wrongfully written up for "practicing medicine without a license" for providing a patient with general medical information, a write up that was ultimately dismissed by the peer review board.

27. These unfair discriminatory and retaliatory practices, which were based on Plaintiff's complaints of age discrimination, continued until Plaintiff ultimately stepped down as Nurse Coordinator in March of 2018.

28. After Plaintiff stepped down from the Nurse Coordinator position, Ms. Balou, an individual outside of Plaintiff's protected age class, was given the position by Mr. Johnson.

29. For the short period of time that Ms. Balou was the Nurse Coordinator, she was not given the same demanding responsibilities as Plaintiff.

30. Neither Mr. Johnson nor Ms. Baron demanded that Ms. Balou hold weekly group meetings and create and submit subsequent writeups of these meetings.

31. Moreover, Ms. Baron would repeatedly engage in hands on training with Ms. Balou to ensure that Ms. Balou would perform her duuties correctly, a luxury that Ms. Baron never afforded Plaintiff.

32. Ms. Balou held the same position as Plaintiff, but was treated completely different and was not written up or reprimanded by Mr. Johnson or Ms. Baronfor not performing the sametasks that Mr. Johnson and Ms. Baron demanded from Plaintiff.

33. Ms. Balou was treated more favorably than Plaintiff because Ms. Balou was much younger than Plaintiff.

34. After Ms. Balou eventually quit as Nurse Coordinator, Paul Chavez, also in his twenties and outside of Plaintiff's protected age class, was then given the position of Nurse Coordinator.

35. Similarly, Mr. Chavez was never required to hold any staff meetings.

36. Further, Mr. Chavez was allowed by Ms. Baron to not see patients at all, a favorable treatment that was never afforded to Plaintiff, even after Plaintiff complained to Ms. Baron about Plaintiff's difficulties fulfilling said duties.

37. . Mr. Chavez was also treated more favorably due to his young age and allowed to not satisfy the job requirements of Nurse Coordinator without being reprimanded, which was much different from the treatment Plaintiff received as Nurse Coordinator due to Plaintiff's age.

38. From March of 2018, after Plaintiff stepped down as Nurse Coordinator, to March of 2019, when Plaintiff was wrongfully terminated, Plaintiff was still continuously discriminated and retaliated against by Mr. Johnson and Ms. Baron because of Plaintiff's complaints to the HR department regarding the unfair treatment Plaintiff suffered.

39. For example, Plaintiff was assigned the more demanding patients by the Nurse Coordinators who followed in that position after PLAINTIFF stepped down, a practice that Mr. Chavez told Plaintiff was being forced upon him by Ms. Baron

40. It was due to these numerous acts of discrimination and retaliation that Plaintiff filed a charge of discrimination with the EEOC in September of 2018, while she was still employed by Defendant.

41. A mere six months later, Defendant retaliated against Plaintiff by firing her.

42. In regard to Plaintiff's termination, Plaintiff was terminated for an issue regarding an over prescribing of a medication to a patient.

43. However, Plaintiff was acting on the direction of the patient's physician, and the patient did not sustain any long-term negative effects.

44. Not only was Plaintiff allegedly terminated for this incident, but Defendant also brought a complaint against Plaintiff to the Nursing Board in an attempt to have Plaintiff's Nursing license taken away.

45. This was just another act of retaliation for Plaintiff's filing of an EEOC charge and another way in which Defendant discriminated against Plaintiff due to Plaintiff's age.

46. This is demonstrated by an incident where another employee in the same position as Plaintiff, but who was outside of Plaintiff's protected age class and whom was also not in the process of an EEOC investigation against Defendant, Jennifer Baulch-Reed, was involved in an even more serious incident where the patient being incorrectly prescribed medicine was given medicine that the patient was allergic to, but this employee was not terminated nor brought up in front of the Nursing Board.

47. This employees incident occurred in February of 2019, and this employee medicated a patient who was allergic to Demerol with two doses of Demerol IV. This resulted in the anesthesiologist having to give the patient IV Benadryl.

48. Ms. Baulch-Reed stated to Plaintiff that she was surprised that she was not written up, and Plaintiff overheard her speaking with Ms. Baron about the incident.

49. In that conversation, Plaintiff overheard Ms. Baulch-Reed stating, "I can't believe I did that. I haven't made a medication error in years." In response, Ms. Baron stated "Don't worry about it, that can happen to anyone."

50. However, the patient in this case had told Ms. Baulch-Reed she was allergic to the Demerol, the allergy information was on her allergy band, the MAR, and the patient's chart. Yet this employee was not subjected to the same treatment as Plaintiff.

51. This is just another example of how Plaintiff was retaliated and discriminated against by Defendant.

## COUNT I
## DISCRIMINATION ON THE BASIS OF AGE UNDER ADEA

52. Plaintiff re-alleges and incorporates into count one, paragraphs 1-51.

53. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA, as amended.

54. Defendant, by and through its agents, have maintained a policy of age discrimination, and unlawfully terminated Plaintiff in violation of the foregoing statute.

55. If Plaintiff was not over 40, she would not have been terminated.

## COUNT II
## RETALIATION UNDER ADEA

56. Plaintiff re-alleges and incorporates into count one, paragraphs 1-55.

57. Plaintiff engaged in a protected activity when she complained of what she reasonably believed to be unlawful discrimination.

58. Defendant was put on notice that Plaintiff was complaining of what she reasonably believed to be unlawful employment practices under the ADEA.

59. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the ADEA because of their retaliation for complaints of discrimination.

1

60. Defendant, acting by and through its employees, maintained a policy of retaliation, in violation of the foregoing statute against Plaintiff.

61. If Plaintiff had not engaged in a protected activity, she would not have been terminated.

## DAMAGES

62. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future.

## LIQUIDATED DAMAGES

63. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious. The wrongs done by Defendant were aggravated by their willfulness, wantonness and maliciousness for which the law allows the imposition of liquidated damages. Plaintiff, therefore, seeks liquidated damages in a sum to be determined by the trier of facts.

## ATTORNEY'S FEES

64. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

65. Plaintiff hereby makes her request for a jury trial.

## INJUNCTIVE RELIEF

66. Plaintiff seeks injunctive relief requiring Defendant to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA and who violate Federal statutory protection against discrimination.

67. Plaintiff seeks injunctive relief requiring Defendant to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

    a. allocation of significant funding and trained staff to implement all changes within two years;

    b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

    c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

    d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions;

    f. eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal; and

    g. reinstatement of Plaintiff.

## PRAYER

68. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment Interest on Back Pay;

    c. Front Pay;

    d. Compensatory Damages;

    e. Liquidated Damages;

1

f. Injunctive and Affirmative Relief;

g. Attorney's Fees and Costs;

h. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Dated: January 7, 2020                                        Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

*/s/Bruce A. Coane*
Bruce A. Coane, Attorney-in-Charge
S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Edwin E. Villa
S.D. Tex. #3339324
TX Bar #24110485
Email: edwin.villa@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

***ATTORNEYS FOR PLAINTIFF***

1