| United States District Court | Southern District of Texas |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
May 26, 2021
Nathan Ochsner, Clerk

Dana Bailey, §
§
    Plaintiff, §
§
versus §    Civil Action H-20-59
§
KS Management Services, LLC, §
§
    Defendant. §

# Opinion on Summary Judgment

1. *Background*

Dana Bailey worked as a registered nurse and nurse coordinator for the Kelsey Seybold Management Services, LLC, in its ambulatory surgery center until she was fired on March 8, 2019, at the age of 54.

On March 24, 2014, Bailey was hired as a nurse and promoted to nurse coordinator in September 2016. After her promotion, Bailey claims she was discriminated against because of her age by her supervisor, Tara Barron, and nurse manager, James Johnson. Bailey claims age discrimination was the reason she resigned from nurse coordinator and resumed her nurse role on March 11, 2018.

While nurse coordinator, Bailey received an increase in pay and her responsibilities consisted of staff assignments, quality of care, development of patient care protocols, evaluating nurses, review of medical records, relieving staff nurses as needed, and answering the telephone. She asserts numerous instances of age discrimination by Barron and Johnson. She claims Barron and Johnson required her to see a much higher number of patients than any other nurse coordinator. Bailey also says that was told that she had to conduct weekly meetings with other nurses, detail a report of these meetings, cite specific employer policy, and give reports to Johnson.

In addition to an increase in workload, Baron was known to "bully" Bailey. On December 6, 2017, human resources sent an email to Baron that compiled and documented the specific behaviors Bailey complained about. According to the email, Baron would undercut Bailey's decisions in public. Baron had reprimanded Bailey when Bailey suggested another technician deserved to be reprimanded for leaving early. If the staff did not like an assignment from Bailey, they would contact Baron and she would change it. Baron would also play favorites, she would allow some nurses to leave work early to attend an offsite event known as "team building exercise", but she did not invite the whole team. Bailey's fears of retaliation were also documented in this email.

After Bailey resigned, her telephone answering duty was shifted to Tamara Ballew, Paul Chavez, Sara Funderburk, Arleda Wright, and Jennifer Baulch-Reed, but none of them were responsible for other nurse coordinator duties nor did they receive a raise. The nurse coordinator position was later filled by 57-year-old Oluwatoyin Clay in January 2019.

In February 2018, Bailey was reprimanded for sleeping in the patient care area. On February 16, 2018, Bailey was prevented from administering the narcotic pain medication, Toradol, to a patient before giving Tylenol, contrary to the physician's orders and the center's protocol of using the least invasive medication after a procedure. On January 31, 2019, Bailey was responsible for a patient receiving three times the recommended amount of the painkiller Toradol; she administered 60 milligrams after the patient had received 30 milligrams during the operation. This incident was documented in the Employee Counseling Record. Kelsey cited these incidents as reasons for Bailey's termination.

Two other nurses have made comparable medication errors. Jennifer Baulch-Reed, 45, administered Demerol to a patient thought to be allergic to it and was not disciplined; however, it was later learned that the patient was not allergic to Demerol and the medication was ordered by a physician. Nkem Chiedu, who was under 40, was terminated for administering morphine and lying to personnel about it.

On January 7, 2020. Bailey sued for (a) age discrimination and (b) retaliation. Kelsey has moved for summary judgment. It will prevail.

2.  *Age Discrimination*

To succeed on an age discrimination claim Bailey must first establish a prima facie case. Bailey must show that she (a) was fired; (b) was qualified for the position; (c) was within a protected class when she was fired; and (d) was replaced by someone outside of her protected class or otherwise discharged because of her age. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).

Bailey insists she was discriminated against after she was promoted to nurse coordinator, then after she resigned and had resumed her position as a registered nurse. This analysis will examine the viability of an age discrimination claim for both positions.

A. *Nurse Coordinator*

Because Bailey resigned from the nurse coordinator position, she must show a constructive discharge. There are seven avenues to showing a constructive discharge. In this case only one applies, badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation. *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000).

Bailey asserts that Baron's constant harassment, ultimately leading to her resignation from nurse coordinator, was evinced in an email from human resources to Baron. If this were to satisfy a constructive discharge, Bailey must show she was qualified to be nurse coordinator, this is not in dispute. Bailey was also over 40; however, Bailey was not replaced by someone younger or outside of her protected class. She says that she was replaced by Tamara Ballew and then Paul Chavez, both of whom are younger than Bailey and outside of her protected class, but they only assisted with answering the telephones. The nurse coordinator position remained unfilled until Oluwatoyin Clay, 57, was promoted to it. Bailey offers no evidence that she was discriminated against because of her age beyond her subjective belief documented in complaints, disciplinary sessions, and her own declaration. Her claim of age discrimination related to the nurse coordinator position is empty.

B. *Nurse*

Bailey argues that age discrimination was the reason that she was fired. Bailey was qualified for and fired from her position as a nurse. At the time she resumed her position, she was over 40. Kelsey and Bailey dispute whether she was replaced by another younger nurse or a nurse who was outside of Bailey's protected class.

Once a prima facie case has been established the burden shifts to Kelsey to supply a legitimate nondiscriminatory reason for the discharge.

If a prima facie case has been established, Kelsey had a legitimate nondiscriminatory reason for firing Bailey. It asserts that she was responsible for two medication administration errors, and later she was caught sleeping on the job. It is clear that Kelsey had a legitimate nondiscriminatory reasons for firing Bailey.

The burden shifts back to Bailey to prove Kelsey's reasons were pretextual. Bailey must do this by either (a) offering evidence the reason is false, or (b) offering evidence the reason is only one of the reasons and another motivating factor is discriminatory. *Rachid*, 376 F.3d at 312.

Bailey attempts to assert Kelsey's given reason for her termination is false because she did not have two drug administration errors, she only had one that did not result in any actual harm to a patient. She claims, that because she was only responsible for one drug administration error, she should not have been discharged, so, Kelsey's given reason is pretextual. It is not within the realm of age discrimination cases to question a business's decision to fire an employee. Age discrimination claims are appropriate when this decision is illegally based; in this case it is not. Bailey's claim for age discrimination related to the nurse position fails.

3. *Retaliation*

To succeed on a retaliation claim, Bailey must show that: (a) she engaged in a protected activity, (b) an adverse employment action occurred, and (c) there was a causal link between them. *Heggemeir v. Calwell County, Texas*, 826 F.3d 861, 869 (5th Cir. 2016).

Bailey complained numerous times to human resources regarding Baron's behavior. She argues that reporting Baron to human resources led to more harassment and her constructive discharge from nurse coordinator. Additionally, she asserts that she was fired because she had engaged in a protected activity.

If the court had supporting facts that Bailey was engaged in a protected activity and received two adverse employment actions, there remains no evidence of a causal connection between the two. The sole "evidence" that Bailey gives is a record of her complaints against Baron and a report of her fears of retaliation. Bailey's subjective assumption of retaliation is inadequate to support a causal link.

Again, Kelsey had a legitimate reason for firing Bailey: she was caught sleeping on the job and was responsible for two drug administration errors. Bailey cannot extenuate her errors by pointing out that the two patients were not seriously harmed.

Because Bailey cannot show a causal link between her complaints and the adverse employment action, her retaliation claim fails.

4.  *Conclusion*

Dana Bailey will take nothing from Kelsey Seybold Management Services, LLC.

Signed on May 26, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge